IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BALFOUR BEATTY CONSTRUCTION,
LLC,

    Plaintiff,

v.                                                                                    Case No. 6:16-cv-1804-ORL-40TBS

ROBERT MORRISON AS ASSIGNEE
FOR THE BENEFIT OF CREDITORS OF LAKE
MECHANICAL CONTRACTORS, INC.;
NEW ERA LENDING LLC; FAS TEC,
INCORPORATED; PETROLEUM
COMPLIANCE SOLUTIONS, INC. N/K/A
PROCORR, INC.; UNITHERM,
INCORPORATED; HAJOCA
CORPORATION D/B/A HUGHES SUPPLY,
INC.; HIGGINS INFORMATION TECHNOLOGIES
INC.; LAPIN SHEET METAL COMPANY;
ORLANDO WINNELSON CO. N/K/A
WINSUPPLY ORLANDO FL CO.;
TRANE U.S. INC.; WRIGHT EXPRESS FINANCIAL
SERVICES CORPORATION N/K/A WEX BANK;
UNITED REFRIGERATION, INC.; TEMPACO, INC.;
BRONSON ACE HARDWARE, INC.; BLACKS SUPPLY,
INC.; HOLISTIC TEST & BALANCE, INC.;
SUNBELT RENTALS, INC. N/K/A SPDC, INC.;
STAN WEAVER AND COMPANY;
FCX PERFORMANCE, INC. A/K/A SOLARES CONTROLS;
RYAN HERCO PRODUCTS CORP.;
ROBERTS OXYGEN COMPANY, INC.;
ANDREWS FILTER AND SUPPLY CORPORATION;
MOVEABLE CONTAINER STORAGE INC.;
JOHNSTONE SUPPLY, INC.; ACE STAFFING
UNLIMITED, INC. N/K/A ACE STAFFING UNLIMITED
MANAGEMENT, INC.; GRAINGER GROUP, INC.; and
HERTZ EQUIPMENT RENTAL CORPORATION N/K/A
HERC RENTALS INC.,

    Defendants.
_____/

**AMENDED COMPLAINT FOR INTERPLEADER**

Plaintiff, **Balfour Beatty Construction, LLC**, by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335, hereby files its Complaint for Interpleader against Defendants, **Robert Morrison as Assignee for The Benefit of Creditors of Lake Mechanical Contractors, Inc.**; **New Era Lending LLC**; **Fas Tec, Incorporated; Petroleum Compliance Solutions, Inc. n/k/a ProCorr, Inc.; Unitherm, Incorporated**; **Hajoca Corporation d/b/a Hughes Supply, Inc.**; **Higgins Information Technologies Inc.; Lapin Sheet Metal Company**; Orlando Winnelson Co. n/k/a Winsupply Orlando FL Co.; **Trane U.S. Inc.; Wright Express Financial Services Corporation n/k/a Wex Bank; United Refrigeration, Inc.; Tempaco, Inc.; Bronson Ace Hardware, Inc.; Blacks Supply, Inc.; Holistic Test & Balance, Inc., Sunbelt Rentals, Inc. n/k/a SPDC, Inc.; Stan Weaver and Company; FCX Performance, Inc. a/k/a Solares Controls; Ryan Herco Products Corp.; Roberts Oxygen Company, Inc.; Andrews Filter and Supply Corporation; Moveable Container Storage Inc.; Johnstone Supply, Inc.; Ace Staffing Unlimited, Inc. n/k/a Ace Staffing Unlimited Management, Inc.; Grainger Group, Inc.; and Hertz Equipment Rental Corporation n/k/a Herc Rentals Inc.** (collectively, "**Defendants**"), and alleges:

## Jurisdiction and Venue

1. This is an action for interpleader, seeking to implead monies in excess of $500 and to obtain an order from the Court to designate the proper payees of such funds.

2. This Court has original jurisdiction over this action pursuant to Federal Rule of Civil Procedure 22. This Court also has jurisdiction pursuant to 28 U.S.C. § 1335 because two or more adverse claimants of diverse citizenship are claiming entitlement to the monies to be impleaded in Plaintiff's custody.

3. Venue is proper pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391(b) because at least one Defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## Parties

4. Interpleader Plaintiff, Balfour Beatty Construction, LLC ("**Plaintiff**" or "**Balfour**"), is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Dallas, Texas. It is duly licensed to do business in the State of Florida.

5. Upon information and belief, Defendant, Robert Morrison is the assignee for the benefit of creditors of Lake Mechanical Contractors, Inc. ("**Lake Mechanical**"), a corporation organized under the laws of the State of Florida, with its former principal place of business in Eustis, Florida. On or about August 8, 2016, Lake Mechanical commenced an Assignment for Benefit of Creditors, designating Robert Morrison as Assignee; Case No. 2016-CA-001382, in

the Circuit Court of the Fifth Judicial Circuit in and flor Lake County, FL. Lake Mechanical may claim an interest in the monies to be impleaded based on the work that Lake Mechanical provided to Balfour as a subcontractor.

6. Upon information and belief, Defendant, New Era Lending LLC ("**New Era**"), is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in New York. Defendant, New Era, may claim an interest in the monies to be impleaded based on a judgment (the "**New York Judgment**") entered in favor of New Era and against Lake Mechanical in the amount of $532,547.50, which judgment was obtained in the action styled *New Era Lending, LLC v. Lake Mechanical Contractors, Inc. and John B. Smith*, Supreme Court of the State of New York, County of Westchester, Index No. 56927/2016 (the "**New York Action**"). In connection with the New York Action, on or about June 20, 2016, New Era or the City of Marshal served Plaintiff with Marshal's Notice of Levy and Sale, stating that any monies due to Lake Mechanical in Plaintiff's possession must be remitted to the City Marshal.

7. Upon information and belief, Defendant, Fas Tec, Incorporated ("**Fas Tec**"), is a corporation organized under the laws of the State of Florida, with its principal place of business in Treasure Island, Florida. Defendant, Fas Tec, may claim an interest in the monies to be impleaded based on the work that it performed as a subcontractor of Lake Mechanical.

8. Upon information and belief, Defendant, Petroleum Compliance Solutions, Inc. n/k/a ProCorr, Inc. ("**ProCorr**"), is a corporation organized under the laws of the State of Florida, with its principal place of business in Auburndale, Florida. Defendant, ProCorr, may claim an interest in the monies to be impleaded based on the work that it performed as a

subcontractor of Lake Mechanical and based on the Claim of Lien recorded by ProCorr at Doc#20160331392 in the Official Records of Orange County, Florida (which Claim of Lien has since been bonded by Plaintiff).

9. Upon information and belief, Defendant, Unitherm, Incorporated ("**Unitherm**"), is a corporation organized under the laws of the State of Maryland, with its principal place of business in Charlotte, North Carolina. Defendant, Unitherm, may claim an interest in the monies to be impleaded based on the work that it performed as a subcontractor of Lake Mechanical and based on the Claim of Lien recorded by Unitherm at Doc#20160324730 in the Official Records of Orange County, Florida (which Claim of Lien has since been bonded by Plaintiff).

10. Upon information and belief, Defendant, Hajoca Corporation d/b/a Hughes Supply, Inc. ("**Hajoca**"), is a corporation organized under the laws of the State of Maine, with its principal place of business in Pennsylvania. Defendant, Hajoca, may claim an interest in the monies to be impleaded based on the work that it performed as a subcontractor of Lake Mechanical and based on the Claim of Lien recorded by Hajoca at Doc#20160300371 in the Official Records of Orange County, Florida (which Claim of Lien has since been bonded by Plaintiff).

11. Upon information and belief, Defendant, Higgins Information Technologies Inc. ("**Higgins**"), is a corporation organized under the laws of the State of Florida, with its principal place of business in Deltona, Florida. Defendant, Higgins, may claim an interest in the monies to be impleaded based on the work that it performed as a subcontractor of Lake Mechanical and based on the Claim of Lien recorded by Higgins at Doc#20160275398 in the Official Records of Orange County, Florida (which Claim of Lien has since been bonded by Plaintiff).

12. Upon information and belief, Defendant, Lapin Sheet Metal Company ("**Lapin**"), is a corporation organized under the laws of the State of Florida, with its principal place of business in Orlando, Florida. Defendant, Lapin, may claim an interest in the monies to be impleaded based on work that it performed as a subcontractor of Lake Mechanical.

13. Upon information and belief, Defendant, Orlando Winnelson Co. n/k/a Winsupply Orlando FL Co. ("**Winnelson**"), is a corporation organized under the laws of the State of Delaware, with its principal place of business in Ohio. Defendant, Winnelson, may claim an interest in the monies to be impleaded based on work that it performed as a subcontractor of Lake Mechanical and based on the Claim of Lien recorded by Winnelson at Doc#20160313815 in the Official Records of Orange County, Florida (which Claim of Lien has since been bonded by Plaintiff).

14. Upon information and belief, Defendant, Trane U.S. Inc. ("**Trane**"), is a corporation organized under the laws of the State of Delaware, with its principal place of business in North Carolina. Defendant, Trane, may claim an interest in the monies to be impleaded based on work that it performed as a subcontractor of Lake Mechanical and based on the Claim of Lien recorded by Trane at Doc#20160286074 in the Official Records of Orange County, Florida (which Claim of Lien has since been bonded by Plaintiff).

15. Upon information and belief, Defendant, Wright Express Financial Services Corporation n/k/a Wex Bank ("**Wright**"), is a corporation organized under the laws of the State of Utah, with its principal place of business in Midvale City, Utah. Defendant, Wright, may

claim an interest in the monies to be impleaded based on the work that it performed as a subcontractor of Lake Mechanical.

16. Upon information and belief, Defendant, United Refrigeration, Inc. ("**United**"), is a corporation organized under the laws of the State of Florida, with its principal place of business in Ocala, Florida. Defendant, United, may claim an interest in the monies to be impleaded based on the work that it performed as a subcontractor of Lake Mechanical.

17. Upon information and belief, Defendant, Tempaco, Inc. ("**Tempaco**"), is a corporation organized under the laws of the State of Florida, with its principal place of business in Orlando, Florida. Defendant, Tempaco, may claim an interest in the monies to be impleaded based on the work that it performed as a subcontractor of Lake Mechanical.

18. Upon information and belief, Defendant, Bronson Ace Hardware, Inc. ("**Bronson**"), is a corporation organized under the laws of the State of Florida, with its principal place of business in Eustis, Florida. Defendant, Bronson, may claim an interest in the monies to be impleaded based on the work that it performed as a subcontractor of Lake Mechanical.

19. Upon information and belief, Defendant, Blacks Supply, Inc. ("**Blacks**"), is a corporation organized under the laws of the State of Florida, with its principal place of business in Orlando, Florida. Defendant, Blacks, may claim an interest in the monies to be impleaded based on the work that it performed as a subcontractor of Lake Mechanical.

20. Upon information and belief, Defendant, Holistic Test & Balance, Inc. ("**Holistic**"), is a corporation organized under the laws of the State of Florida, with its principal place of business in Jacksonville, Florida. Defendant, Holistic, may claim an interest in the monies to be impleaded based on the work that it performed as a subcontractor of Lake Mechanical.

21. Upon information and belief, Defendant, Sunbelt Rentals, Inc. n/k/a SPDC, Inc., ("**Sunbelt**"), is a corporation organized under the laws of the State of Florida, with its principal place of business in Fort Lauderdale, Florida. Defendant, Sunbelt, may claim an interest in the monies to be impleaded based on the work that it performed as a subcontractor of Lake Mechanical.

22. Upon information and belief, Defendant, Stan Weaver and Company ("**Stan**"), is a corporation organized under the laws of the State of Florida, with its principal place of business in Tampa, Florida. Defendant, Stan, may claim an interest in the monies to be impleaded based on the work that it performed as a subcontractor of Lake Mechanical.

23. Upon information and belief, Defendant, FCX Performance, Inc. a/k/a Solares Controls ("**Solares**"), is a corporation organized under the laws of the State of Delaware, with its principal place of business in Columbus, Ohio. Defendant, Solares, may claim an interest in the monies to be impleaded based on the work that it performed as a subcontractor of Lake Mechanical

24. Upon information and belief, Defendant, Ryan Herco Products Corp. **("Ryan")**, is a corporation organized under the laws of the State of California, with its principal place of business in Burbank, California. Defendant, Ryan, may claim an interest in the monies to be impleaded based on the work that it performed as a subcontractor of Lake Mechanical.

25. Upon information and belief, Defendant, Roberts Oxygen Company, Inc. **("Roberts")**, is a corporation organized under the laws of the State of Maryland, with its principal place of business in Rockville, Maryland. Defendant, Roberts, may claim an interest in the monies to be impleaded based on the work that it performed as a subcontractor of Lake Mechanical.

26. Upon information and belief, Defendant, Andrews Filter and Supply Corporation ("**Andrews**"), is a corporation organized under the laws of the State of Florida, with its principal place of business in Orlando, Florida. Defendant, Andrews, may claim an interest in the monies to be impleaded based on the work that it performed as a subcontractor of Lake Mechanical.

27. Upon information and belief, Defendant, Moveable Container Storage Inc., ("**Moveable**"), is a corporation organized under the laws of the State of Maryland, with its principal place of business in San Rafael, California. Defendant, Moveable, may claim an interest in the monies to be impleaded based on the work that it performed as a subcontractor of Lake Mechanical.

28. Upon information and belief, Defendant, Johnstone Supply, Inc. ("**Johnstone**"), is a corporation organized under the laws of the State of Oregon, with its principal place of business in Portland, Oregon. Defendant, Johnstone, may claim an interest in the monies to be impleaded based on the work that it performed as a subcontractor of Lake Mechanical.

29. Upon information and belief, Defendant, Ace Staffing Unlimited, Inc. n/k/a Ace Staffing Unlimited Management, Inc. ("**Ace**"), is a corporation organized under the laws of the State of Florida, with its principal place of business in Mt Dora, Florida. Defendant, Ace, may claim an interest in the monies to be impleaded based on the work that it performed as a subcontractor of Lake Mechanical.

30. Upon information and belief, Defendant, Grainger Group, Inc. ("**Grainger**"), is a corporation organized under the laws of the State of Florida, with its principal place of business in Orange Park, Florida. Defendant, Grainger, may claim an interest in the monies to be impleaded based on the work that it performed as a subcontractor of Lake Mechanical.

31. Upon information and belief, Defendant, Hertz Equipment Rental Corporation n/k/a Herc Rentals Inc. ("**Hertz**"), is a corporation organized under the laws of the State of Florida, with its principal place of business in Bonita Springs, Florida. Defendant, Hertz, may claim an interest in the monies to be impleaded based on the work that it performed as a subcontractor of Lake Mechanical.

### The Project

32. Balfour is the general contractor for a pool rehabilitation project at the Walt Disney World Polynesian Resort (the "**Project**"). Balfour contracted with Lake Mechanical as a subcontractor. Lake Mechanical contracted with several subcontractors inclusive of the Defendants named herein on the Project. Lake Mechanical's subcontractors completed their work on the Project, but Lake Mechanical failed to pay its subcontractors in full. Balfour is holding $102,590.25, which is comprised of (a) $31,469.41 for amounts invoiced by Lake Mechanical to Balfour and held in open payables; and (b) $71,120.84 in retainage. Lake Mechanical's Assignee has indicated that $107,157.87 is due. Out of an abundance of caution, Plaintiff is depositing $107,157.87 into the Court Registry (the "**Funds**").

33. New Era has propounded discovery on Plaintiff in the New York Action relating to the Funds, and has demanded that Plaintiff satisfy the New York Judgment out of any real and personal property Plaintiff holds on account of Lake Mechanical, inclusive of the Funds. The remaining Defendants may also claim an interest in the Funds based on the work that they performed as subcontractors of Lake Mechanical.

### CAUSE OF ACTION IN INTERPLEADER

34. Plaintiff realleges paragraph 1 through 33 above.

35. Plaintiff cannot pay any single Defendant from the Funds without risk of exposing itself to double liability.

*Balfour Beatty Construction, LLC v. Lake Mechanical Contractors, Inc., et al.*
Case No. 6:16-cv-1804-ORL-40TBS

36. As a mere stakeholder, Plaintiff has no interest in the Funds, except to recover its attorney's fees and costs of this action. Therefore, Plaintiff respectfully requests that this Court determine to whom the rights to the Funds belong.

37. Plaintiff is ready, willing and able to make payment of the Funds in such amounts and to whichever Defendant or Defendants the Court shall designate.

38. Plaintiff will deposit into the Registry of the Court the Funds.

WHEREFORE, Plaintiff respectfully requests this Court to render judgment as follows:

(a) Restraining and enjoining the Defendants by Order and Injunction of this Court from proceeding with any existing action or instituting any new action or proceeding in any state or United States court against Plaintiff for recovery of the Funds;

(b) Requiring that Defendants litigate or settle and agree between themselves their claims for the Funds, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Funds should be paid;

(c) Permitting Plaintiff to pay into the Registry of the Court the Funds;

(d) Dismissing Plaintiff with prejudice from this action and discharging Plaintiff from any further liability upon the payment of the Funds into the Registry, or as otherwise directed by the Court;

(e) Awarding Plaintiff its costs and attorney's fees; and

   (f)  Awarding Plaintiff such other and further relief as the Court deems just, equitable and proper.

Dated: December 5, 2016

            /s/ Matthew I. Kramer
            MICHAEL A. HORNREICH
            Florida Bar No.: 379972
            MATTHEW I. KRAMER
            Florida Bar No.: 0937231
            **WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**
            255 South Orange Avenue, Suite 1260
            Orlando, Florida 32801
            Phone: 407.734.7000
            Fax:  407.930.9180
            mhornreich@wwhgd.com
            mkramer@wwhgd.com
            *Counsel for Plaintiff, Balfour Beatty Construction, LLC*