UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BALFOUR BEATTY CONSTRUCTION, LLC,

    Plaintiff,

v.

Case No: 6:16-cv-1804-Orl-40TBS

NEW ERA LENDING, LLC, PETROLEUM COMPLIANCE SOLUTIONS, INC., UNITHERM, INCORPORATED, HAJOCA CORPORATION, HIGGINS INFORMATION TECHNOLOGIES, INC., LAPIN SHEET METAL COMPANY, ORLANDO WINNELSON CO., TRANE U.S., INC., ROBERT MORRISON, WRIGHT EXPRESS FINANCIAL SERVICES CORPORATION, TEMPACO, INC., BLACKS SUPPLY, INC., HOLISTIC TEST & BALANCE, INC., SUNBELT RENTALS, INC., STAN WEAVER AND COMPANY, FCX PERFORMANCE, INC., RYAN HERCO PRODUCTS CORP., ROBERTS OXYGEN COMPANY, INC., ANDREWS FILTER AND SUPPLY CORPORATION, MOVEABLE CONTAINER STORAGE, INC., ACE STAFFING UNLIMITED, INC., HERTZ EQUIPMENT RENTAL CORPORATION and FASTEC PERFORMANCE WAREHOUSE, INC.,

    Defendants.

## ORDER

This matter comes before the Court on the following motions:

1. Lapin Sheet Metal Co.'s Motion for Clerk's Default as to its Crossclaims (Doc. 178); and

2. Plaintiff Balfour Beatty Construction, LLC's Motion for Clerk's Default (Doc. 184).

After due consideration, both motions are **granted in part and denied in part**.

Background

Plaintiff is the general contractor for the pool rehabilitation project at the Walt Disney World Polynesian Resort (Doc. 87 ¶ 31). It contracted with Defendant Lake Mechanical as a subcontractor (Id.). Lake Mechanical contracted with various subcontractors, including those listed as Defendants in this case (Id.). Lake Mechanical failed to pay its subcontractors in full (Id.). Plaintiff was then in possession of $102,590.25 comprised of (a) $31,469.41 for amounts invoiced by Lake Mechanical to Plaintiff and held in open payables and (b) $71,120.84 in retainage (Id.). Plaintiff has deposited the funds into the Court Registry and filed this interpleader action for a determination to whom the money belongs (Id. at ¶¶ 32, 34-35). It invokes this Court's jurisdiction pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335 (Doc. 87).

Plaintiff filed its original complaint on October 18, 2016, which it has since twice amended (Docs. 6 and 102). The operative pleading is the Second Amended Complaint, filed on January 20, 2017 (Docs. 87,102). On January 27, 2017, Lapin Sheet Metal Company answered the Second Amended Complaint and filed a cross-claim for an equitable lien on $5,662.50 in retainage and a cross-claim for breach of contract in the amount of $25,069.69 (Doc. 101). On February 3, 2017, Defendant Stan Weaver and Co. answered and filed a cross-claim against all parties (Doc. 134). On February 6, 2017, Defendant Higgins Information Technologies, Inc. answered and filed a cross-claim against all Defendants (Docs. 161, 162). Defendant Trane U.S., Inc. answered the Second Amended Complaint on February 22, 2017 (Doc. 170). No other Defendants have responded to the Second Amended Complaint. Only Defendants Higgins Information and Stan Weaver have responded to Lapin's cross-claim (Docs. 166, 171).

Now, Plaintiff and Lapin move for the entry of defaults against all Defendants who have failed to respond to their claims (Docs. 178, 184).

## Legal Standard

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a); see Kelly v. Florida, 233 F. App'x 883, 885 (11th Cir. 2007) (citing FED. R. CIV. P. 55(a) (The federal rules require court clerks to enter a defendant's default "[w]hen service of process is properly effected, but the served party fails to respond in a timely manner ...."). This procedural mechanism may be invoked by a plaintiff or cross-plaintiff. Cf. Ohio Nat'l Life Assurance Co. v. Edenfield, No. 3:12-cv-257-TAV-CCS, 2013 WL 11451760, at *1 (E.D. Tenn. Dec. 6, 2013) (the cross-plaintiff's motion for clerk's default and default judgment considered, but denied on unrelated grounds); Bank of Nashville v. Sarmadi, Civil No. 3:06-0775, 2009 WL 2916884 (M.D. Tenn. Sept. 2, 2009) (the court determined that the cross-plaintiff's motion for clerk's default was properly granted). Prior to 2007, the federal rules explicitly stated that "[t]he provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, third-party plaintiff, or a party who has pleaded a cross-claim or counterclaim." FED. R. CIV. P. 55(d) (2005). In 2007, the Advisory Committee deleted Rule 55(d), explaining that the enumerated list was "incomplete and unnecessary. Rule 55(a) applies Rule 55 to any party against whom a judgment for affirmative relief is requested." FED. R. CIV. P. 55 advisory committee's note to 2007 amendment.

## Discussion

Under the federal rules, a plaintiff may serve a corporate defendant by:

> [D]elivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.]

FED. R. CIV. P. 4(h)(1)(B). A plaintiff may also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(h)(1)(A), 4(e)(1). Florida Statutes permit process to be served on a corporation by serving any one of the following persons: (a) the president, vice president or other corporate head; (b) the cashier, treasurer, secretary, or general manager; (c) any corporate director; (d) any officer or business agent residing in Florida; (e) or an agent designated by the corporation under FLA. STAT. 48.091.[1] See FLA. STAT. § 48.081. Under the Florida statutes, the registered agent can be either an individual who resides in the state or *another corporation* authorized to conduct business in Florida. See FLA. STAT. § 607.0501(1)(b) (emphasis added).

---

[1] FLA. STAT. § 48.091 provides:

> (1) Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607.
>
> (2) Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

If plaintiff is unable to serve the registered agent because of the failure to comply with FLA. STAT. § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." FLA. STAT. § 48.081(3)(a).

If the address provided for the registered agent, officer, or director is a residence or private residence, "service on the corporation may be [made by] serving the registered agent, officer, or director in accordance with s. 48.031." FLA. STAT. § 48.081(3)(b). Section 48.031, permits a process server to effect service on "any person residing therein who is 15 years of age or older ..." FLA. STAT. § 48.031(1)(a). When all other methods fail, section 48.081(3)(a) permits service on "any employee of the registered agent [even] during the first attempt at service . . . "

Once served with an original complaint, a defendant has 21 days to file a response. FED. R. CIV. P. 12(a)(1)(A)(i). A defendant shall have 14 days to respond to the service of an amended complaint, plus an additional 3 days, if service is made by mail under Rule 5(b)(2)(C). See FED. R. CIV. P. 15(a)(3).

### A. Plaintiff's Motion for Default

#### 1. Defendants for Whom the Entry of Clerk's Default is Proper

Defendant Robert Morrison was properly served as the assignee for the benefit of the creditors of Lake Mechanical Contractors, Inc. because he is an agent appointed by law to receive service of process on behalf of the subcontractor's creditors. See In re: Lake Mechanical Contractors, Inc., Case No. 2016-CA-001382, in the Circuit Court for the Fifth Judicial Circuit in and for Lake County, Florida[2]; (Doc. 63 at 2); FED. R. CIV. P. 4(h)(1)(B).

Plaintiff's original complaint was properly served on the [individual and corporate] registered agents of the following Defendants:

---

[2] https://officialrecords.lakecountyclerk.org/Details/

| Entity | Date | Docket Entry |
|---|---|---|
| Petroleum Compliance Solutions, Inc. n/k/a Procorr, Inc.<br>*RA: John Marc Tamayo* | 12/19/16 | 123, 152 |
| Unitherm, Inc.<br>*RA: Charles Gorski* | 12/22/16 | 131, 159 |
| Hajoca Corporation d/b/a Hughes Supply, Inc.<br>*RA: Corporation Service Company (Kara Stover)* | 12/19/16 | 112, 142 |
| Orlando Winnelston Co. n/k/a Winsupply Orlando FL Co.<br>*RA: Corporation Service Company (Kara Stover)* | 12/19/16 | 120, 121, 151 |
| Wright Express Financial Services Corporation n/k/a Wex Bank<br>*RA: Corporation Service Company (Kara Stover)* | 12/19/16 | 132, 160 |
| Tempaco, Inc.<br>*RA: Maria E. Robinson* | 12/16/16 | 128, 156 |
| Blacks Supply, Inc.<br>*RA: Jason Black* | 12/20/16 | 107 |
| Holistic Test & Balance, Inc.<br>*RA: Nicholas Uffelman* | 12/22/16 | 145, 146 |
| FCX Performance, Inc. a/k/a Solares Controls<br>*RA: National Corporate Research, Ltd., Inc. (Ken Howell)* | 12/19/16 | 110 |
| Ryan Herco Products, Corp.<br>*RA: C T Corporation System (Donna Moch)* | 12/15/16 | 125, 154 |
| Robert Oxygen Company, Inc. | 12/15/16 | 124, 153 |

| | | |
|---|---|---|
| RA: C T Corporation System (Donna Moch) | | |
| Andrews Filter and Supply Corporation<br>*RA: Mark Andrews* | 12/21/16 | 137 |
| Moveable Containers Storage, Inc.<br>*RA: National Corporate Research, Ltd., Inc. (Ken Howell)* | 12/19/16 | 119, 150 |
| Ace Staffing Unlimited, Inc. n/k/a Ace Staffing Unlimited Management, Inc<br>*RA: Alexander Cvercko (employee, Barbara Law)*[3] | 12/22/16 | 136 |
| Hertz Equipment Rental Corporation n/k/a Herc Rentals Inc.<br>*RA: C T Corporation System (Donna Moch)* | 12/15/16 | 113, 143 |

Defendant New Era Lending LLC is a Delaware company, registered with the New York Department of State's Division of Corporations as a foreign limited liability company.[4] The return of service shows that the process server effected service on the New York Secretary of State by leaving two copies of the summons and complaint with Sue Zouky, authorized agent, in the secretary's office and by paying the statutory fee of $40 (Doc. 164). This type of service is effective in the state of New York, therefore, it is deemed proper here. See FED. R. CIV. P. 4(h)(1)(A), 4(e)(1) (A plaintiff may also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is

---

[3] See FLA. STAT. § 48.031(1)(a).

[4] https://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_INFORMATION?p_token=B1D537E8596D76D890B29EC126C09D5D6B1C9AD4B127AEE0DADDA89695CBD094636549A05B9120A49AAA37CDA4EA56D3&p_nameid=8C8ED46EBE463990&p_corpid=40CC2E187425F4CA&p_captcha=17089&p_captcha_check=1E3C8FC4BD5E6545&p_entity_name=%4E%65%77%20%45%72%61%20%4C%65%6E%64%69%6E%67%20%4C%4C%43&p_name_type=%25&p_search_type=%42%45%47%49%4E%53&p_srch_results_page=0

made[.]"); see also Perkins v. 686 Halsey Food Corp., 829 N.Y.S. 2d 185, 186 (2007) (citing N.Y. Business Corporation Law § 306(b)(1) (McKinney 2017); Shimel v. 5 S. Fulton Ave. Corp., 783 N.Y.S. 2d 54, 55 (2004).

Plaintiff's Second Amended Complaint was served on all Defendants, by mail, between January 20, 2017 and January 31, 2017, in accordance with FED. R. CIV. P. 5(b)(2)(C) (Doc. 184 at 2-3). Therefore, Defendants owed Plaintiff their responses to the Second Amended Complaint by the third week in February, 2017. All of the Defendants listed above have failed to respond to Plaintiff's allegations and the entry of default against them is proper.

2. Defendants for Whom the Entry of Clerk's Default is **NOT** Proper

The process server served Defendant Sunbelt Rentals, Inc. by leaving a copy of the summons and complaint with Daniel Wagner as Assistant Manager and authorized employee of registered agent Don Beloff (Doc. 127). The problem here is that the address listed for Mr. Beloff in the state's corporate database[5] (2255 Glades Rd, Ste 340W, Boca Raton, FL 33431) is the same address listed in the summons, but is not the address at which service was attempted. That address was: 600 East Landstreet Road, Orlando, FL 32824 (Doc. 127). Plaintiff has failed to offer an explanation for why service was attempted at a different address. Therefore, the motion for clerk's default against this Defendant must be denied without prejudice.

Fastec Performance Warehouse, Inc. was also not properly served. Summonses were issued for this Defendant, care of Scott Bramlett, as registered agent, 3950

---

[5] http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=SUNBELTRENTALS%20H288060&aggregateId=domp-h28806-32e497d4-05c1-4942-914d-abd400af884b&searchTerm=sunbelt%20rentals&listNameOrder=SUNBELTRENTALS%20F000000041600

Kissimmee Park Road, St. Cloud, FL 34772 (Docs. 89, 92). This registered agent and address is consistent with what appears on the state's corporate database.[6] Plaintiff cites to docket entries 109 and 140 as evidence that this Defendant was served. But, those documents only confirm service on Raymond Forrest as registered agent of "Fas Tec, Incorporated at 503 Sandy Hook Road, Treasure Island, FL 33706" (Doc. 109, 140).[7] Plaintiff apparently recognized its error and advised the Court that it would serve Fastec Performance Warehouse, Inc. with a copy of the summons and amended complaint (Doc. 62; Doc. 62-1 at 2). But, it does not appear this was done because the record contains no evidence that Fastec Performance Warehouse, Inc. was ever served. The motion for clerk's default will not be granted here in the absence of proof that Fastec Performance Warehouse was properly served.

### B. Cross-Plaintiff's Motion for Default

Lapin answered Plaintiff's Second Amended Complaint and filed its cross-claim on January 27, 2017 (Doc. 101). Lapin's decision to serve the Cross-Defendants by mail is permitted under the federal rules. FED. R. CIV. P. 5; 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE CIVIL § 1407 (3d ed. 2017); 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE CIVIL § 1148 (4th ed. 2017). Service is considered complete upon mailing. FED. R. CIV. P. 5(b)(2)(C). Accordingly, Cross-Defendants had 24 days from the date of service of the cross-claim to

---

[6] http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=FASTECPERFORMANCEWAREHOUSE%20P960000294970&aggregateId=domp-p96000029497-4c4b451a-fc07-4b6b-bd12-0c7e8c214809&searchTerm=Fastec%20Performance%20Warehouse%2C%20Inc.&listNameOrder=FASTECPERFORMANCEWAREHOUSE%20P960000294970

[7] This defendant was terminated from the case on January 20, 2017 (Docket).

respond. See FED. R. CIV. P. 6(d) (when service is made under Rule 5(b)(2)(C), three additional days are added to the 21 days mandated in FED. R. CIV. P. 12(a)(1)(B)).

The Certificate of Service attached to Lapin's Answer (Doc. 101 at 11-13) demonstrates that its cross-claim was properly served by postal mail on the following Cross-Defendants on January 27, 2017:

| Entity |
| --- |
| Petroleum Compliance Solutions, Inc. n/k/a Procorr, Inc.<br>*RA: John Marc Tamayo* |
| Fastec Performance Warehouse, Inc.<br>*RA: Scott Bramlett* |
| Unitherm, Inc.<br>*RA: Charles Gorski* |
| Hajoca Corporation d/b/a Hughes Supply, Inc.<br>*RA: Corporation Service Company (Kara Stover)* |
| Orlando Winnelston Co. n/k/a Winsupply Orlando FL Co.<br>*RA: Corporation Service Company (Kara Stover)* |
| Wright Express Financial Services Corporation n/k/a Wex Bank<br>*RA: Corporation Service Company (Kara Stover)* |
| Tempaco, Inc.<br>*RA: Maria E. Robinson* |
| Blacks Supply, Inc.<br>*RA: Jason Black* |

| |
|---|
| Holistic Test & Balance, Inc. <br> *RA: Nicholas Uffelman* |
| FCX Performance, Inc. a/k/a Solares Controls <br> *RA: National Corporate Research, Ltd., Inc. (Ken Howell)* |
| Ryan Herco Products, Corp. <br> *RA: C T Corporation System (Donna Moch)* |
| Robert Oxygen Company, Inc. <br> *RA: C T Corporation System (Donna Moch)* |
| Andrews Filter and Supply Corporation <br> *RA: Mark Andrews* |
| Moveable Containers Storage, Inc. <br> *RA: National Corporate Research, Ltd., Inc. (Ken Howell)* |
| Ace Staffing Unlimited, Inc. n/k/a Ace Staffing Unlimited Management, Inc <br> *RA: Alexander Cvercko (employee, Barbara Law)[8]* |
| Hertz Equipment Rental Corporation n/k/a Herc Rentals Inc. <br> *RA: C T Corporation System (Donna Moch)* |
| New Era Lending LLC <br> Officer: Alan Karul, Chief Financial Officer[9] |

---

[8] See FLA. STAT. § 48.031(1)(a).

[9] New Era Lending LLC has designated Mr. Karul as the appropriate individual to receive process. See https://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_INFORMATION?p_token=AEBD99D866EEE247380C80552893E6B6AB85019DBD2B755F3A18A4F716C15CB3349AE0D502C9FCD4B7625811864C3B9B&p_nameid=8C8ED46EBE463990&p_corpid=40CC2E187425F4CA&p_captcha=15211&p_captcha_check=A8772F231B9577C7&p_entity_name=%4E%65%77%20%45%72%61%20%4C%65%6E%64%69%6E%67%20%4C%4C%43&p_name_type=%25&p_search_type=%42%45%47%49%4E%53&p_srch_results_page=0. Service of process on Mr. Karul was proper under N.Y. Business Corporation Law § 311-a (a)(iv) (McKinney 2017).

Cross-Defendant Sunbelt Rentals n/k/a/ SPDC, Inc. was properly served on March 7, 2017 (Doc. 175); thus, its response was due by March 31, 2017. For the reasons set forth in section A.1, <u>supra</u>, Cross-Plaintiff's service on Robert Morrison as assignee for the benefit of creditors of Lake Mechanical Contractors, Inc. was also proper.

These Defendants have failed to respond to Cross-Plaintiff's allegations and the entry of default against them on the cross-claims is proper.

Lapin also seeks the entry of default against Cross-Defendant Trane U.S., Inc. (Doc. 178 at 5), however, the record is devoid of proof that this Cross-Defendant was actually served with a copy of the cross-claim. Therefore, Lapin's request to default this Cross-Defendant will be denied.

## Conclusion

Upon consideration of the foregoing, it is hereby **ORDERED** that:

1. Plaintiff Balfour Beatty Construction, LLC's Motion for Clerk's Default (Doc. 184) is **GRANTED** to the extent it seeks the entry of default against the following Defendants: Robert Morrison as Assignee for the Benefit of Creditors of Lake Mechanical; Petroleum Compliance Solutions, Inc. n/k/a Procorr, Inc.; Unitherm, Incorporated; New Era Lending, LLC; Hajoca Corporation d/b/a Hughes Supply, Inc.; Orlando Winnelson Co. n/k/a Winsupply Orlando FL Co.; Wright Express Financial Services Corporation n/k/a Wex Bank; Tempaco, Inc.; Blacks Supply, Inc.; Holistic Test & Balance, Inc.; FCX Performance, Inc. a/k/a Solares Controls; Ryan Herco Products Corp; Robert Oxygen Company, Inc.; Andrews Filter and Supply Corporation; Moveable Containers Storage, Inc.; Ace Staffing Unlimited, Inc. n/k/a Ace Staffing Unlimited Management, Inc.; and, Hertz Equipment Rental Corporation n/k/a Herc Rentals Inc. The motion is **DENIED** in all other respects.

2. Cross-Plaintiff Lapin Sheet Metal Co.'s Motion for Clerk's Default (Doc. 178) is **GRANTED** to the extent it seeks to default the following Cross-Defendants: Robert Morrison as Assignee for the Benefit of Creditors of Lake Mechanical; Fastec Performance Warehouse, Inc.; Petroleum Compliance Solutions, Inc. n/k/a Procorr, Inc.; Unitherm, Incorporated; New Era Lending, LLC; Hajoca Corporation d/b/a Hughes Supply, Inc.; Orlando Winnelson Co. n/k/a Winsupply Orlando FL Co.; Wright Express Financial Services Corporation n/k/a Wex Bank; Tempaco, Inc.; Blacks Supply, Inc.; Holistic Test & Balance, Inc.; FCX Performance, Inc. a/k/a Solares Controls; Ryan Herco Products Corp; Robert Oxygen Company, Inc.; Andrews Filter and Supply Corporation; Moveable Containers Storage, Inc.; Ace Staffing Unlimited, Inc. n/k/a Ace Staffing Unlimited Management, Inc.; Sunbelt Rentals, Inc. n/k/a SPDC, Inc.; and, Hertz Equipment Rental Corporation n/k/a Herc Rentals Inc. The motion is **DENIED** in all other respects.

3. Plaintiff does not seek entry of default against Defendant Lysbeth United Refrigeration, Inc., which was dismissed from this litigation on April 5, 2017 (Docs. 183, Doc. 184 at ¶ 2, Doc. 186). Likewise, Plaintiff does not seek the entry of default against the following Defendants who all filed Disclaimers of Interest and were subsequently terminated: Bronson Ace Hardware, Inc. (Docs. 72, 74); Johnstone Supply, Inc. (Docs. 179, 180); and W.W. Grainger, Inc. (Docs. 182, 185).To the extent Lapin asks the Court to enter default against these terminated Defendants, that request is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Orlando, Florida on April 13, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Any Unrepresented Parties