UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BALFOUR BEATTY CONSTRUCTION, LLC,

    Balfour,

v.                                          Case No: 6:16-cv-1804-Orl-40TBS

NEW ERA LENDING, LLC, et al.,

    Defendants.

## ORDER[1]

This matter comes before the Court on Balfour's Unopposed Motion for (A) Default Judgment and Permanent Injunction Against Certain Defendants and (B) Approval of Settlement Agreement Against Remaining Defendants (Doc. 233). Upon due consideration, the motion is **granted**.

## I. Background

This case is before the Court on Plaintiff Balfour Beatty Construction, LLC's Second Amended Complaint, filed on January 20, 2017 (Docs. 87,102). Balfour invokes this Court's jurisdiction pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335 (Doc. 87). Balfour is the general contractor for the pool rehabilitation project ("Project") at the Walt Disney World Polynesian Resort (Doc. 87 ¶ 31). It contracted with Defendant Lake Mechanical as a subcontractor (Id.). In turn, Lake Mechanical contracted with the subcontractors listed as Defendants in this case (Id.). Lake Mechanical failed to pay Defendants in full (Id.). Balfour is currently in possession of $102,590.25 (the "Fund"), which is comprised of (a) $31,469.41 for amounts invoiced by Lake Mechanical to Balfour

---

[1] On April 13, 2017, the parties consented to the exercise of jurisdiction by a magistrate judge, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 (Docs. 194, 195).

and held in open payables; and (b) $71,120.84 in retainage (Id.). Balfour filed this interpleader action for a judicial determination concerning ownership of the Fund (Id.).

On January 27, 2017, Lapin Sheet Metal Company answered the Second Amended Complaint and filed a cross-claim for an equitable lien on $5,662.50 in retainage and a cross-claim for breach of contract in the amount of $25,069.69 (Doc. 101). On February 3, 2017, Defendant Stan Weaver and Co. answered and filed a cross-claim against all parties (Doc. 134). On February 6, 2017, Defendant Higgins Information Technologies, Inc. answered and filed a cross-claim against all Defendants (Docs. 161, 162). Defendant Trane U.S., Inc. answered the Second Amended Complaint on February 22, 2017 (Doc. 170). No other Defendants have responded to the Second Amended Complaint. Only Higgins Information and Stan Weaver responded to Lapin's cross-claim (Docs. 166, 171).

Lapin Sheet Metal Company moved for the entry of default against all Defendants that had failed to respond to its crossclaim (Doc. 178). Later, Balfour moved for the entry of default against all Defendants who failed to respond to its Second Amended Complaint (Doc. 184). The Court granted in part and denied in part, both motions (Doc. 196). On April 13, 2017, pursuant to FED. R. CIV. P. 55(a), the Clerk entered defaults against Defendants Robert Morrison as Assignee for the Benefit of Creditors of Lake Mechanical Contractors, Inc.; Petroleum Compliance Solutions, Inc; Unitherm, Inc.; New Era Lending, LLC; Hajoca Corporation; Orlando Winnelson Co.; Wright Express Financial Services Corporation; Tempaco, Inc.; Blacks Supply, Inc.; Holistic Test & Balance, Inc.; FCX Performance, Inc.; Ryan Herco Products Corp., Roberts Oxygen Company, Inc.; Andrews Filter and Supply Corporation; Moveable Container Storage, Inc.; Ace Staffing UnImited, Inc.; and Hertz Equipment Rental Corporation (Docs. 197-213). On April 21, 2017, The Court granted Balfour's motion for default against Fastec Performance Warehouse, Inc.

(Doc. 220). Hereafter, the defaulted Defendants are referred to collectively as the "Defaulting Defendants." None of the Defaulting Defendants have moved to set aside the defaults or made any subsequent appearance in the case (Docket).

Sunbelt Rentals, Inc., Bronson Ace Hardware, Inc., Johnstone Supply, Inc., and W.W. Grainger have all disclaimed any interest in the Fund (collectively, the "Disclaiming Defendants") (Docs. 72, 74, 179, 180, 182, 185, 222). Balfour voluntarily dismissed its claim against Lysbeth United Refrigeration with prejudice (Docs. 183, 184, 186). And, Balfour has reached a settlement with Defendants Petroleum Compliance Solutions, Inc. n/k/a Procorr, Inc.; Higgins Information Technologies, Inc.; Lapin Sheet Metal Company; Trane U.S., Inc.; and Stan Weaver and Company (collectively, the "Settling Defendants"). Now, Balfour seeks the entry of final default judgment against the Defaulting Defendants, and approval of its settlement agreement with the Settling Defendants.

## II. Discussion

### A. Entry of Defaults

As an initial matter, I find that the entry of defaults by the Clerk was proper. Court clerks are required to enter a defendant's default "[w]hen service of process is properly effected, but the served party fails to respond in a timely manner…." Kelly v. Florida, 233 F. App'x. 883, 885 (11th Cir. 2007) (citing FED. R. CIV. P. 55(a)).

Under the federal rules, a corporate defendant may be served by:

> [D]elivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.]

FED. R. CIV. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the

state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(h)(1)(A), 4(e)(1). Florida Statutes permit process to be served on a corporation by serving any one of the following persons: (a) the president, vice president or other corporate head; (b) the cashier, treasurer, secretary, or general manager; (c) any corporate director; (d) any officer or business agent residing in Florida; (e) or an agent designated by the corporation under FLA. STAT. 48.091.[2] See FLA. STAT. § 48.081. In Florida, the registered agent can be either an individual who resides in the state or another corporation authorized to conduct business in Florida. See FLA. STAT. § 607.0501(1)(b).

If the address provided for the registered agent, officer, or director is a residence or private residence, "service on the corporation may be [made by] serving the registered agent, officer, or director in accordance with s. 48.031." FLA. STAT. § 48.081(3)(b). Section 48.031, permits a process server to effect service on "any person residing therein who is 15 years of age or older ..." FLA. STAT. § 48.031(1)(a). When all other methods fail, section 48.081(3)(a) permits service on "any employee of the registered agent [even] during the first attempt at service . . . "

---

[2] FLA. STAT. § 48.091 provides:
> (1) Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607.
>
> (2) Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

Under the statute, if Balfour is unable to serve the registered agent because of the failure to comply with FLA. STAT. § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." FLA. STAT. § 48.081(3)(a).

Once served with an original complaint, a defendant has 21 days within which to file a response. FED. R. CIV. P. 12(a)(1)(A)(i). A defendant shall have 14 days to respond to the service of an amended complaint, plus an additional 3 days, if service is made by mail under Rule 5(b)(2)(C). See FED. R. CIV. P. 15(a)(3).

Robert Morrison was properly served as the assignee for the benefit of the creditors of Lake Mechanical Contractors, Inc. because he is an agent appointed by law to receive service of process on behalf the subcontractor's creditors. See In re: Lake Mechanical Contractors, Inc., Case No. 2016-CA-001382, in the Circuit Court for the Fifth Judicial Circuit in and for Lake County, Florida[3]; (Doc. 63 at 2); FED. R. CIV. P. 4(h)(1)(B).

Balfour's original complaint was properly served on the [individual and corporate] registered agents of the following Defendants:[4]

| Entity | Date | Docket Entry |
|---|---|---|
| Petroleum Compliance Solutions, Inc. n/k/a Procorr, Inc.<br>RA: John Marc Tamayo | 12/19/16 | 123, 152, 237 |
| Unitherm, Inc.<br>RA: Charles Gorski | 12/22/16 | 131, 159, 247 |
| Hajoca Corporation d/b/a Hughes Supply, Inc.<br>RA: Corporation Service Company (Kara Stover) | 12/19/16 | 112, 142 |
| Orlando Winnelston Co. n/k/a Winsupply Orlando FL Co.<br>RA: Corporation Service Company (Kara Stover) | 12/19/16 | 120, 121, 151 |

---

[3] https://officialrecords.lakecountyclerk.org/Details/

[4] On August 10, 2017, I advised Balfour that several returns of service were not signed by the process servers (Doc. 235). Balfour has remedied this issue by filing endorsed copies of the returns of service (Docs. 250-259).

| | | |
|---|---|---|
| Wright Express Financial Services Corporation n/k/a Wex Bank<br>RA: Corporation Service Company (Kara Stover) | 12/19/16 | 132, 160, 246 |
| Tempaco, Inc.<br>RA: Maria E. Robinson | 12/16/16 | 128, 156 |
| Blacks Supply, Inc.<br>RA: Jason Black | 12/20/16 | 107, 241 |
| Holistic Test & Balance, Inc.<br>RA: Nicholas Uffelman | 12/22/16 | 145, 146 |
| FCX Performance, Inc. a/k/a Solares Controls<br>RA: National Corporate Research, Ltd., Inc. (Ken Howell) | 12/19/16 | 110, 242 |
| Ryan Herco Products, Corp.<br>RA: C T Corporation System (Donna Moch) | 12/15/16 | 125, 154, 239 |
| Robert Oxygen Company, Inc.<br>RA: C T Corporation System (Donna Moch) | 12/15/16 | 124, 153, 238 |
| Andrews Filter and Supply Corporation<br>RA: Mark Andrews | 12/21/16 | 137, 236 |
| Moveable Containers Storage, Inc.<br>RA: National Corporate Research, Ltd., Inc. (Ken Howell) | 12/19/16 | 119, 150 |
| Ace Staffing Unlimited, Inc. n/k/a Ace Staffing Unlimited Management, Inc<br>RA: Alexander Cvercko (employee, Barbara Law)[5] | 12/22/16 | 136, 240 |
| Hertz Equipment Rental Corporation n/k/a Herc Rentals Inc.<br>RA: C T Corporation System (Donna Moch) | 12/15/16 | 113, 143, 243 |

---

[5] See FLA. STAT. § 48.031(1)(a).

Defendant New Era Lending LLC is a Delaware company, registered with the New York Department of State's Division of Corporations as a foreign limited liability company.[6] The return of service shows that the process server effected service on this Defendant by service on the New York Secretary of State by leaving two copies of the summons and complaint with Sue Zouky, authorized agent, in the secretary's office and by paying the statutory fee of $40 (Doc. 164). This form of service is effective in the state of New York, therefore, it is deemed proper here. See FED. R. CIV. P. 4(h)(1)(A), 4(e)(1) (A plaintiff may also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"); see also Perkins v. 686 Halsey Food Corp., 829 N.Y.S. 2d 185, 186 (2007) (citing N.Y. Business Corporation Law § 306(b)(1) (McKinney 2017)); Shimel v. 5 S. Fulton Ave. Corp., 783 N.Y.S. 2d 54, 55 (2004).

Balfour's Second Amended Complaint was served on all defendants, by mail, between January 20, 2017 and January 31, 2017, in accordance with FED. R. CIV. P. 5(b)(2)(C) (Doc. 184 at 2-3). Therefore, Defendants owed Balfour their responses to the Second Amended Complaint by the third week in February, 2017. All of the Defendants listed above failed to respond to Balfour's allegations and the entry of default against them was proper.

### B. Entry of Default Judgment

A district court may enter a default judgment against a properly served defendant

---

[6] https://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_INFORMATION?p_token=B1D537E8596D76D890B29EC126C09D5D6B1C9AD4B127AEE0DADDA89695CBD094636549A05B9120A49AAA37CDA4EA56D3&p_nameid=8C8ED46EBE463990&p_corpid=40CC2E187425F4CA&p_captcha=17089&p_captcha_check=1E3C8FC4BD5E6545&p_entity_name=%4E%65%77%20%45%72%61%20%4C%65%6E%64%69%6E%67%20%4C%4C%43&p_name_type=%25&p_search_type=%42%45%47%49%4E%53&p_srch_results_page=0

who fails to defend or otherwise appear if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[7]

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. Id. In defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, despite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Id. (footnote omitted).

If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages. See Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985). "Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts." Id. at 1544 (quoting United Artists Corp. v. Freeman, 605 JF.2d 854 (5th Cir. 1979) (per curiam)).

"[A] default judgment can be entered against any named and served interpleader defendant who fails to respond to the interpleader complaint. This is to protect the interpleader plaintiff and other defendants by removing from the litigation any party who expresses no interest in the *res* of the dispute." Protective Life Ins. Co. v. Tinney, 2:14-cv-

---

[7] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

02251-TMP, 2015 WL 1402464, at *4 (N.D. Ala. Mar. 25, 2015) (citing Metropolitan Life Ins. Co. v. London, 2:12-cv-1067-WKW, 2013 WL 2181295, at *1 (M.D. Ala. May 20, 2013). The Court in Protective Life Ins. Co. explained:

> Without the ability to enter a default judgment against an interpleader defendant who refuses to appear in the action, the court is unable to provide relief to the remaining defendants. If an interpleader defendant can prevent the resolution of an interpleader by simply refusing to appear in the action, the court cannot effectively and finally address the distribution of the interpleader res. The default necessarily forfeits any claim to the res by the defaulting defendant as part of a final distribution of the res. Therefore, because [unresponsive defendant], is in default and default judgment is due to be entered against him, he has forfeited any claim to the insurance proceeds paid into court.

2015 WL 1402464, at *4.

### C. Well-Pleaded Allegations

The well-pleaded allegations of fact in the Second Amended Complaint allege that Balfour was the general contractor for the Project (Doc. 87, ¶ 31). Lake Mechanical was a subcontractor on the Project (Id.). Lake Mechanical contracted with other subcontractors to perform work on the Project (Id.). The majority of the Defendants are subcontractors Lake Mechanical failed to pay in full for their work on the Project (Id., ¶¶ 7-30). In August of 2016, Lake Mechanical commenced an assignment for the benefit of creditors in the Circuit Court of the Fifth Judicial Circuit, in and for Lake County, Florida (Id., ¶ 5).The state court appointed Defendant Robert Morrison as the assignee for the benefit of the creditors of Lake Mechanical (Id.). Defendant New Era Lending LLC holds an unsatisfied New York state court judgment against Lake Mechanical (Id., ¶ 6). All of the Defendants currently, or in the past, have made claim to some or all of the Fund (Id.).

### D. Interpleader Action

The federal interpleader statute gives the district court jurisdiction of "any civil

action of interpleader or in the nature of interpleader," where the claimants are minimally diverse and the plaintiff has "any obligation written or unwritten to the amount of $500 or more …" 28 U.S.C. § 1335(a)(1). "Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." In re Mandalay Shores Co-op. Hous. Ass'n Inc., 21 F.3d 380, 383 (11th Cir. 1994). The well-pleaded allegations in the Second Amended Complaint establish that here, there is a single Fund that is the subject of adverse claims by Defendants. Balfour has also demonstrated that it is a disinterested stakeholder in that it makes no claim to the Fund, except for its attorney's fees and the costs of this action. Accordingly, the Court finds that this interpleader action is properly brought.

### E. Injunctive Relief

Balfour seeks to enjoin all Defaulting Defendants and Disclaiming Defendants from further litigating the disposition of the Fund. See (Docs. 87, 102). Title 28, United States Code, Section 2361 allows a district court to enter an order in an interpleader action "restraining [claimants] from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court." The district court has the authority to "discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment." Id.

To be entitled to a permanent injunction, a plaintiff must show that (1) it is likely to suffer an irreparable injury absent an injunction; (2) that remedies at law, such as money damages, are inadequate to compensate for the injury; (3) that, considering the balance of hardships between the plaintiff and defendant, an injunction is warranted; and (4) that a permanent injunction would not disserve the public interest. eBay, Inc. v. MercExchange,

LLC, 547 U.S. 388, 391 (2006). Pursuant to Federal Rule of Civil Procedure 65(d)(1), any order granting an injunction must "(A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail-and not by referring to the complaint or other document-the act or acts restrained or required."

Based on the averments in Balfour's Second Amended Complaint, including the existence of out-of-state litigation and various claims of lien (Doc. 87 at 3-6, ¶¶ 4-14), The Court finds that all four factors for the granting of injunctive relief have been satisfied. Accordingly, Balfour's motion is granted. Both, the Defaulting Defendants and Disclaiming Defendants are permanently enjoined from proceeding with any existing action or instituting any new action or proceeding in any state or federal court against Balfour for recovery of the Fund.

### F. Stipulation of the Remaining Parties

The Settling Defendants have stipulated to a settlement and distribution of the Fund (Doc. 233 at 8). Pursuant to their agreement, Balfour will pay the following within ten (10) days of the entry of this Order:

- A. Defendant Petroleum Compliance Solutions, Inc. n/k/a Procorr, Inc. - $2,000.00;
- B. Defendant/Cross-Claimant Higgins Information Technologies, Inc.- $45,468.02;
- C. Defendant Trane U.S. Inc.- $16,086.44;
- D. Defendant/ Cross-Claimant Lapin Sheet Metal Company - $8,898.85; and
- E. Defendant/Cross-Claimant/Counter-Claimant Stan Weaver and Company - $2,711.96.

(Id. at 18, 22-23). The parties agree that Balfour is entitled to recover the remaining $31,992.60 for its attorney's fees and costs incurred to bring this action (Id.). To the extent that Court approval of the settlement agreement is necessary, I find that this is a fair compromise.

However, the settlement agreement provides that: "The Parties to this Agreement agree that any suit, action, claim, counterclaim or proceeding arising out of or relating to this Agreement will be instituted or brought only in the United States District Court, Middle District of Florida." (Doc. 233 at 26). This provision is not binding on the Court. If a party institutes an action in this Court, based upon the settlement agreement, then the Court's jurisdiction over the controversy must be established, based upon the facts in existence at that time.

### III. Conclusion

Upon consideration of the foregoing, it is **ORDERED** that:

1. The Court has subject-matter jurisdiction over the interpleader action pursuant to 28 U.S.C. § 1332(a) based on diversity jurisdiction. There is complete diversity of jurisdiction between Balfour and at least one Defendant, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because at least one Defendant resides in this judicial district.

3. Interpleader is warranted and appropriate under the circumstances of this case pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335.

4. Balfour's Unopposed Motion for (A) Default Judgment and Permanent Injunction Against Certain Defendants and (B) Approval of Settlement Agreement Against Remaining Defendants (Doc. 233) is **GRANTED**.

5. Final default judgment is **ENTERED** against the following Defendants pursuant to Federal Rule of Civil Procedure 55(b)(2): Robert Morrison as Assignee for the Benefit of Creditors of Lake Mechanical Contractors, Inc.; New Era Lending LLC; Fastec Performance Warehouse, Inc.; Unitherm Incorporated; Hajoca Corporation d/b/a Hughes Supply, Inc.; Orlando Winnelson Co. n/k/a Winnsupply Orlando FL Co.; Wright Express

Financial Services Corporation n/k/a Wex Bank; Tempaco, Inc.; Blacks Supply, Inc.; Holistic Test & Balance, Inc.; FCX Performance, Inc. f/k/a Solares Controls; Ryan Herco Products Corp.; Roberts Oxygen Company, Inc.; Andrews Filter & Supply Corporation; Moveable Containers Storage Inc.; Ace Staffing Unlimited Inc. n/k/a Ace Staffing Unlimited Management; Inc.; and Hertz Equipment Rental Corporation n/k/a Herc Rentals Inc.

6. Pursuant to 28 U.S.C. § 2361, the Defaulting Defendants and Defendants Sunbelt Rentals, Inc., Bronson Ace Hardware, Inc., Johnstone Supply, Inc., and W.W. Grainger, Inc., are **PERMANENTLY ENJOINED** from commencing or continuing any action in any State or United States court for recovery of the Fund.

7. Except as discussed above, the settlement agreement attached as Exhibit A to Balfour's motion is approved. Pursuant to the settlement agreement, Balfour shall pay the following within ten (10) days of the entry of this Order:

    A.    Defendant Petroleum Compliance Solutions, Inc. n/k/a Procorr, Inc. $2,000.00;

    B.    Defendant/Cross-Claimant Higgins Information Technologies, Inc.- $45,468.02;

    C.    Defendant Trane U.S. Inc.- $16,086.44;

    D.    Defendant/ Cross-Claimant Lapin Sheet Metal Company - $8,898.85; and

Defendant/Cross-Claimant/Counter-Claimant Stan Weaver and Company - $2,711.96.

8. In the event that Balfour fails to satisfy the payment requirements of Paragraph 7 of this Order, the permanent injunction set forth in Paragraph 5 of this order shall be null and void. Upon Balfour's satisfaction of the requirements of Paragraph 7 of this Order, it

shall file a certification with the Court that it has complied with the payment requirements of Order.

9. Balfour shall **RECOVER** from the Funds $31,992.60 as reimbursement for the attorney's fees and costs it has incurred relating to this interpleader action.

11. The following motions, counterclaims and crossclaims are hereby **DISMISSED**:

    A. Defendant Lapin Sheet Metal Company's Crossclaim (Doc. 101);

    B. Defendant Lapin Sheet Metal Company's Motion for Clerk's Default as to its Crossclaim (Doc. 178);

    C. Defendant Higgins Information Technology, Inc.'s Crossclaim (Doc. 162); and

    D. Defendant Stan Weaver and Company's Counterclaim and Crossclaim (Doc. 134).

10. The Clerk of Court is directed to **CLOSE** this case, **ENTER JUDGMENT**, and **TERMINATE** any pending motions as moot.

**DONE** and **ORDERED** in Orlando, Florida on September 7, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Clerk of Court
    Counsel of Record
    Any Unrepresented Parties